# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### E-Filed: July 9, 2013

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
JILLIAN LOWRIE, parent and next friend  *      UNPUBLISHED
of, EMILY PAIGE LOWRIE, a minor,        *
                                        *      No. 03-1585V
                                        *
           Petitioner,                  *      Chief Special Master
                                        *      Campbell-Smith
v.                                      *
                                        *      Attorneys' Fees and Costs;
SECRETARY OF HEALTH                     *      Reasonable Amount
AND HUMAN SERVICES,                     *      Requested to Which
                                        *      Respondent Does Not Object
                                        *
           Respondent.                  *
                                        *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Robert T. Moxley, Robert T. Moxley, PC, Cheyenne, WY, for petitioner.

Darryl R. Wishard, U.S. Dep't of Justice, Washington, DC, for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On June 30, 2003, Jillian Lowrie (petitioner), as a parent and next friend of her daughter, Emily Paige Lowrie (Emily), filed a petition pursuant to the National Vaccine

---

[1]      Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

Injury Compensation Program ("the Program"). [2] Petitioner alleged that the diphtheria, tetanus, and acellular pertussis (DTaP) vaccination administered to Emily on July 6, 2000, caused her to suffer an encephalopathy as defined by the Vaccine Injury Table, 42 C.F.R. § 100.3(a)(2). On October 26, 2012, the undersigned issued a ruling that found petitioner was entitled to Program compensation. See Entitlement Ruling, Oct. 26, 2012.

On December 3, 2012, respondent filed a Proffer on Award of Compensation ("Proffer"), with accompanying life care plan. [3] On December 28, 2012, the undersigned issued a decision based on respondent's Proffer. See Decision Awarding Damages.

On June 26, 2013, petitioner filed a Motion for Attorneys' Fees and Costs. On July 1, 2013, petitioner filed a Motion to Amend and Correct Errata in the Fee Petition.

On July 8, 2013, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs ("AFC Stipulation"). The AFC Stipulation indicates that during informal discussions between the parties, respondent raised objections to certain items in petitioner's application for attorneys' fees and costs. See AFC Stipulation ¶ 3, at 1. Based on those discussions, petitioner's counsel reduced the requested amount. Id. The parties are now in agreement and are requesting that a decision be issued awarding final attorneys' fees and costs totaling $133,500.00. Id.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** the parties' stipulation of facts concerning attorneys' fees and costs.

Accordingly, an award should be made in the form of a check payable jointly to petitioner and Robert T. Moxley, P.C. in the amount of **$133,500.00**, for attorneys' fees and costs. [4]

---

[2]   The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3]   The Items of Compensations of Emily Paige Lowrie is attached as Appendix A to the Proffer. See Appendix A, Proffer.

[4]   In accordance with General Order #9, petitioner incurred $2,272.70 in out-of-pocket expenses while pursuing her petition, which was paid via the interim fees award. See AFC Stipulation ¶ 4, at 1.

2

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

3